## 2002 OK JUD ETH 11

### JUDICIAL ETHICS OPINION 2002–11.

### No. 2002–11.

Oklahoma Judicial Ethics Advisory Panel.

Aug. 22, 2002.

**QUESTION:** May the spouse of a candidate for District Judge who is a member of the candidate's campaign committee, in an individual capacity and without identifying the judicial candidacy, campaign for a son-in-law who is a legislative candidate.

**WE ANSWER:** Yes, but should be discouraged from doing so.

**Canon 5A(1):** "Except as authorized herein a judge or a candidate for election or appointment to judicial office should not . . .

(b) publicly endorse or publicly oppose another candidate for public office;

(c) make speeches on behalf of a political organization or candidate or publicly endorse a candidate for public office; or . . ."

**Canon 5A(3):** "A candidate for judicial office:

(a) should maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of the judiciary, and should encourage members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate . . ."

## DISCUSSION:

The Code requires the judge or candidate to discourage such activity for surely the general public will perceive that the actions of the spouse or family reflect the attitude of the judge or candidate, however misplaced that perception may possibly be. But as we have previously stated in Advisory Opinions 1998–24 and 2000–7, the Code of Judicial Conduct applies to the judge or judicial candidate, but cannot be expanded to the members of their family. To do so would infringe upon the First Amendment rights of those persons.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary